UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shanice Hamilton, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01118 |
| | ) | |
| v. | ) | |
| | ) | |
| Jewel Food Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Shanice Hamilton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Jewel Food Stores, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment, sex based discrimination, and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Shanice Hamilton resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Jewel Food Stores, Inc. doing business in and for DuPage County whose address is 153 Schiller Street, Elmhurst, IL 60126.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. The Plaintiff, Shanice Hamilton, began working at Jewel Food Stores, Inc., on or around September 19, 2022, as a Deli Associate.

12. Plaintiff is a woman and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

13. The Plaintiff was subjected to discrimination and sexual harassment because of her sex.

14. The discrimination was severe and pervasive and occurred on a daily basis. The Plaintiff had to endure humiliating and degrading comments that made the work environment hostile and unbearable due to the sexual harassment on the basis of her being a woman.

15. The sexual harassment endured by the Plaintiff was a material change in the terms and conditions of employment, namely being harassed and humiliated.

16. The pervasive discrimination resulted in adverse employment actions and ultimately being constructively discharged.

17. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

18. For the duration of the Plaintiff's employment and on a daily basis, the Plaintiff was consistently discriminated against because of her sex (female).

19. Plaintiff was subjected to sexual harassment and sex discrimination to the point that the Plaintiff had to report it to Human Resources ("HR").

20. HR not only ignored the Plaintiff's complaints of sexual harassment but HR has retaliated against her for making her complaints known.

21. The Plaintiff was constructively discharged on or around October 3, 2022, due to sex discrimination and sexual harassment.

22. On or around September 30, 2022, the Plaintiff was approached by her male coworker, Fernando. He told the Plaintiff "you're pretty" and asked if she was married.

23. He then stated that he "likes a good girl" and asked the Plaintiff to stay late with him. While he was asking these inappropriate questions, he was extremely close to the Plaintiff, invading her personal space which made the Plaintiff extremely uncomfortable and was anxiety inducing.

24. The Plaintiff's coworker, Chantel, witnessed what had transpired and, realizing that the Plaintiff was extremely uncomfortable and humiliated, asked the Plaintiff if she wanted to go to the bathroom in an effort to help the Plaintiff escape her tormenter.

25. The Plaintiff immediately filed a report with her Managers, Crissy and Lisa, and Assistant Manager, Craig, regarding the harassment.

26. Mananger Crissy advised the Plaintiff that, due to staffing issues, they would not be able to reprimand Fernando for his behavior and that there was "nothing they can do" to help her in this situation.

27. Plaintiff's employer failed to take any corrective action and did not investigate the Plaintiff's reported sexual harassment.

28. From September to October, the Plaintiff engaged in multiple conversations with Management regarding the sexual harassment she was enduring; however, they continued to minimize her complaints.

29. On or around October 1, 2022, the Plaintiff was again working with Fernando. He approached the Plaintiff and told her that she was not a team player and continued to pressure the Plaintiff to stay late with him.

30. Again, he was extremely close, invading her personal space and the Plaintiff did not feel safe.

31. The Plaintiff reported this to her Managers again and they advised her that this was an ongoing issue with Fernando and that there was nothing they could do about the situation.

32. On or around October 3, 2022, the Plaintiff was moved from the Deli location to the Produce department.

33. However, this department was located directly in front of the Deli department.

34. Fernando kept the Plaintiff in his sight throughout her shift.

35. The Plaintiff was intimidated and afraid as a result of the glares that she would receive from Fernando.

36. This culminated with him rushing towards the Plaintiff and, fearful for her safety, she removed herself from the store.

37. The Plaintiff contacted her Managers, Hiring Manager and the Company Ethics Department but did not receive a response.

38. The Defendant refused to acknowledge the sexual harassment complaints and safety concerns and continuously placed the Plaintiff in a vulnerable position at work.

39. The severe and pervasive unwelcomed conduct that management failed to address created a hostile work environment, thereby changing the material terms of employment, and creating adverse employment actions as described above.

40. The Plaintiff has been discriminated against because of her sex, subjected to sexual

5

harassment, and retaliated against for engaging in protected activity.

41. Accordingly, the employers actions are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII")

### COUNT I
### Sex-Based Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex/gender, in violation of Title VII.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

46. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

47. Plaintiff demands that this count be tried by a jury.

### COUNT II
### Sexual Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII.

50. Defendant knew or should have known of the sexual harassment.

51. The sexual harassment was severe or pervasive.

52. The sexual harassment was offensive subjectively and objectively.

53. Plaintiff is a member of a protected class under Title VII, due to Plaintiff being female.

54. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.***

55. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

56. Plaintiff is a member of a protected class under Title VII.

57. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment and sex-based discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment and sex discrimination.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, by leaving Plaintiff with no other choice but to be

constructively discharged due to the intolerable conditions, thereby violating Title VII.

62. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

63. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of February, 2023.

/s/ *Franklin Jara, Esq.*
**Franklin Jara, Esq.**
**Mohammed O. Badwan, Esq.**
**Omar Sulaiman, Esq.**

Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (331) 272-8010
fjara@sulaimanlaw.com
mbadwan@sulaimanlaw.com
osulaiman@sulaimanlaw.com
*Counsel for Plaintiff*

9